UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADIA GARCIA, individually and as successor in interest to THOMAS GARCIA VALENZUELA; and NADIA GARCIA as Guardian Ad Litem for E.G.; K.G.; and R.A., Minors,<br><br>Plaintiff,<br><br>v.<br><br>ORMAT TECHNOLOGIES, INC., a Delaware corporation; ORMAT NEVADA, INC., a Delaware corporation; ORMESA, LLC, a Delaware limited liability company; and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No. 16-cv-1892-AGS<br><br>**ORDER GRANTING MOTION FOR SETTLEMENT [DOC. 25]** |

Nadia Garcia, plaintiff and guardian *ad litem* for the three minor plaintiffs, seeks an order—jointly with defendants—approving a proposed settlement of the minor plaintiffs' claims. Because the settlement serves the best interest of the minors, that motion is granted.

## BACKGROUND

This suit arises from a workplace accident, in which Thomas Garcia fell into an exposed pipe and died. His three children—and the three minor plaintiffs in this wrongful death lawsuit—are (1) E.G., born in 2015; (2) K.G., born in 2012; and (3) R.A., born in 2009.

1

All plaintiffs seek to settle or compromise this suit for the total sum of $6,000,000 as a full satisfaction of this action. The parties propose that the settlement proceeds be split equally between surviving spouse and minors (50% to Nadia Garcia and 50% to her three children). The parties' seek a determination that this settlement is a fair and reasonable settlement of the action and is in the best interests of the minors. Also, the petition seeks an order authorizing payment of attorneys' fees to plaintiffs' counsel in the amount of 1/3 of the gross recovery received by the minors. This payment of attorneys' fees would be made pursuant to the fee agreement under which the attorneys undertook representation of plaintiffs.

If the requested attorneys' fees and reimbursement of litigation costs are granted, the minors will receive the total sum of $1,993,098.65. After this amount is divided in equal shares, each child will receive the sum of $664,366.22. The petition proposes that the $664,366.22 for each child will be invested in a single premium deferred annuity with a payment schedule that provides for the following guaranteed lump sum payments:

E.G.:

1. $50,000 guaranteed lump sum payable at age 18;
2. 12 semi-annual payments of $30,000 each from age 19-25 totaling $360,000;
3. $600,000 guaranteed lump sum payable at age 25;
4. $560,000 guaranteed lump sum payable at age 30.
5. Total Guaranteed Payments to E.G.: $1,570,000

K.G.:

1. $50,000 guaranteed lump sum payable at age 18;
2. 12 semi-annual payments of $30,000 each from age 19-25 totaling $360,000;
3. $500,000 guaranteed lump sum payable at age 25;

4. $375,000 guaranteed lump sum payable at age 30.

5. Total Guaranteed Payments to K.G.: $1,285,000

R.A.:

1. $50,000 guaranteed lump sum payable at age 18;

2. 12 semi-annual payments of $30,000 each from age 19-25 totaling $360,000;

3. $500,000 guaranteed lump sum payable at age 25;

4. $160,000 guaranteed lump sum payable at age 30.

5. Total Guaranteed Payments to R.A.: $1,070,000

Based on the evidence provided with the petition, by purchasing the single premium deferred annuity, the minor plaintiffs are guaranteed to receive tax-free payments totaling $3,925,000.

## DISCUSSION

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted). The Court is required to limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Id.* at 1182. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

The Court took part in a settlement conference in this case and adjudicated a motion for protective order, and thus is well versed in the parties' claims, defenses, and evidence. With that in mind, the Court believes that the minor plaintiffs had a

3

greater-than-even chance of victory, but litigation is always uncertain and defendants had several potential defenses that could have limited or eliminated recovery entirely. Although the loss in this case—the loss of a father—was quite serious and could result in significant damages, the Court also takes into account the fact that each minor will receive over a million dollars in gross compensation. Balanced against the risk inherent to all litigation and this litigation in particular, the settlement amount is reasonable. Finally, the Court has reviewed similar wrongful-death minor's-compromise cases—albeit primarily in the § 1983 context—and finds that settlement amounts are often considerably less for similar loss of a parent. *See, e.g., E.R. v. Cty. of Stanislaus*, Case No. 1:14-cv-00662-DAD-SKO, 2016 WL 3354334, at *3 (E.D. Cal. June 16, 2016) (approving a wrongful death settlement in which each minor received $19,000 and citing other approved wrongful death settlements for amounts including $2,054.17; $130,444.83; $7,188.85; and $2,646,765.90).

Thus, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The parties' joint motion to approve the settlement is **GRANTED.**
2. The compromise and settlement of the claims of the minors, namely E.G., K.G., and R.A., with the minors receiving gross settlement proceeds of $3,000,000, is **HEREBY APPROVED** as fair and reasonable and in the best interests of the minor plaintiffs.
3. The payment of attorneys' fees to the minors' counsel of $1,000,000 (equal to 1/3 of the gross recovery received by the minors) is **HEREBY APPROVED** as fair and reasonable and that sum is to be paid from their share of the gross settlement proceeds under the fee agreement.
4. The minors' 50% share of the litigation costs of $13,802.70 is **HEREBY APPROVED** as fair and reasonable and $6,901.35 is to be paid from their share of the gross settlement proceeds under the fee agreement.

5. The $1,993,098.65 in net settlement proceeds to be received by the minors shall be made payable to BHG Structured Settlements, Inc., and in equal shares will be used to fund future periodic payments, the terms of which are set forth in Exhibit 2 to the parties' motion.

6. Settlement proceeds shall be paid by defendants or their insurance carrier within 14 calendar days of entry of this Order.

**IT IS SO ORDERED.**

Dated: May 10, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge